

# SUPREME COURT OF ARKANSAS

No. CR-13-691

|  |  |
|---|---|
| | **Opinion Delivered** October 10, 2013 |
| TERRY ALLEN STEELE<br>PETITIONER | PRO SE MOTION FOR BELATED<br>APPEAL [CIRCUIT COURT OF<br>SEBASTIAN COUNTY, FT. SMITH<br>DISTRICT, 66CR-11-132, HON. J.<br>MICHAEL FITZHUGH, JUDGE] |
| v. | |
| STATE OF ARKANSAS<br>RESPONDENT | |
| | MOTION DENIED. |

**PER CURIAM**

On February 15, 2012, petitioner Terry Allen Steele was found guilty by a jury of possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and simultaneous possession of drugs and firearms. An aggregate sentence of 480 months' imprisonment was imposed. Judgment was entered-of-record on February 16, 2012. No appeal was taken, and petitioner now seeks leave to proceed with a belated appeal pursuant to Rule 2(e) of the Rules of Appellate Procedure–Criminal (2012). In the motion, he contends that his retained attorney David L. Dunagin knew of his desire to appeal from the judgment but failed to file a notice of appeal. He also states that he was indigent after the trial was completed.

It is the practice of this court, when a pro se motion for belated appeal is filed and the record does not contain an order relieving trial counsel, to request an affidavit from the trial attorney in response to the allegations in the motion. There was no order relieving Dunagin

SLIP OPINION

in the partial record submitted by petitioner and filed with the motion for belated appeal in this case. This affidavit is required because Rule 16(a) of the Rules of Appellate Procedure–Criminal (2012) provides in pertinent part that trial counsel, whether retained or court appointed, shall continue to represent a convicted defendant throughout any appeal, unless permitted by the trial court or the appellate court to withdraw in the interest of justice or for other sufficient cause.

In his affidavit, Dunagin avers that petitioner failed to appear on several occasions for pretrial court proceedings and that he advised petitioner immediately after the trial concluded that he would no longer represent him. Dunagin promptly filed in the trial court a motion to be relieved as counsel, which was granted in an order entered on February 15, 2012. A copy of the motion to be relieved as counsel and the February 15, 2012 order are appended to Dunagin's affidavit.

A convicted defendant may waive his right to appeal by failing to take definitive action to pursue an appeal. *Williams v. State*, 2013 Ark. 255 (per curiam); *Gray v. State*, 2009 Ark. 419 (per curiam). Beyond stating that he was indigent, petitioner offers no explanation at all in his motion for his failure to take some action if he desired to perfect an appeal.

Counsel in this case was duly relieved by the trial court before the judgment of conviction was entered-of-record. Because counsel was allowed to withdraw as petitioner's attorney, he was not responsible for perfecting an appeal. *Williams*, 2013 Ark. 255.

Once counsel was relieved, the burden was on petitioner, if he did not wish to proceed pro se on appeal and desired representation by counsel, to retain other counsel. *Id*. If he had

2



become indigent since retaining Dunagin, it was his responsibility to file in the trial court a motion for appointment of counsel with his affidavit of indigency appended. *Id.* There is nothing in the record or in petitioner's motion indicating that petitioner either retained other counsel or sought appointment of counsel. A belated appeal will not be allowed absent a showing by the petitioner of good cause for the failure to comply with proper procedure. *Id.*; *see also Miller v. State*, 2013 Ark. 182 (per curiam); *Garner v. State*, 293 Ark. 309, 737 S.W.2d 637 (1987) (per curiam). Petitioner has failed to establish that there was good cause for his failure to perfect the appeal. Accordingly, the motion for belated appeal is denied.

Motion denied.